UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICIA A. FRANTOM,

    Plaintiff,

    v.

RYAN TONGOL,

    Defendant.

Case No. 14-cv-02708-JSC

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

Plaintiff Patricia A. Frantom ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action against Defendant Ryan Tongol ("Defendant"). On February 6, 2015, after Plaintiff had failed to appear at a February 5, 2015 Case Management Conference ("CMC"), the Court ordered Plaintiff to appear at a CMC on February 26, 2015 and show cause why this case should not be dismissed for failure to prosecute. (Dkt. No. 21.) On that same date the Court received a motion from Plaintiff to continue the February 5, 2015 conference until the defendant had been served. (Dkt. No. 22.) The motion was dated February 3, 2015, but because it had been mailed it was not received by the Court until after the February 5, 2015 conference date. The Court then denied Plaintiff's motion to continue the February 5, 2015 CMC and once again ordered Plaintiff to appear on February 26, 2015. (Dkt. No. 23.) In both orders, the Court warned Plaintiff that her failure to appear at the February 26 CMC could result in dismissal for failure to prosecute. (*See* Dkt. Nos. 21, 23.) Plaintiff failed to appear at the February 26, 2015 CMC or to otherwise respond to the Court's Order to Show Cause.

Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte*

dismiss an action pursuant to Rule 41(b)). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the *Pagtalunan* factors weigh in favor of dismissal. First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This is especially true where, as here, Plaintiff has impeded the Court's ability to move this case forward by failing to appear and failing to respond to the Court's Order to Show Cause.

The second factor, the Court's need to manage its docket, also weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). The Court cannot manage its docket if it maintains cases where, as here, Plaintiff repeatedly disregards Court orders.

Third, there is no risk of prejudice to defendants here, given that Defendant was never even served in this matter. This factor also relates to "the plaintiff's reason for defaulting." *Pagtalunan*, 291 F.3d at 642. Plaintiff has offered no explanation for her repeated failure to appear or her failure to respond to the Court's Order to Show Cause, which weighs strongly in favor of dismissal. *See Yourish*, 191 F.3d at 991-92.

Fourth, the Court has already considered less drastic alternatives to dismissal by giving Plaintiff an opportunity to show cause why this action should not be dismissed and warning her that failure to appear may result in dismissal. (*See* Dkt. No. 23.) Thus, this factor also weighs in favor of dismissal. *See Ferdick v. Bonzelet*, 963 F.2s 1258, 1262 (9th Cir. 1992) ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions] requirement.").

The last factor, which favors disposition on the merits, by definition weighs against dismissal. *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.

1    Thus, this factor weighs against dismissal.").

2    Four of the five relevant factors weigh strongly in favor of dismissing this action in its
3    entirety, so dismissal is appropriate. *Pagtalunan*, 291 F.3d at 43 (affirming dismissal where three
4    factors favored dismissal, while two factors weighed against dismissal).

5    Accordingly, it is hereby ORDERED that this case is DISMISSED WITHOUT
6    PREJUDICE pursuant to Rule 41(b). The Clerk shall close the file and terminate all pending
7    motions.

8    **IT IS SO ORDERED.**

9    Dated: February 27, 2015

           _____
           Jacqueline Scott Corley
           United States Magistrate Judge